IN THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

KIMBERLY WINK

    Plaintiff,                                CASE NO.: 15-SC-13750-O

v.

MIDLAND CREDIT MANAGEMENT, INC.

    Defendant.

_____/

## STATEMENT OF CLAIM
## JURY DEMAND

**NOW INTO COURT,** through undersigned counsel, comes KIMBERLY WINK, the Plaintiff herein, and hereby filed this Statement of Claim against MIDLAND CREDIT MANAGEMENT, INC. and hereby states as follows:

### PART I: INTRODUCTION

1. This is an action for damages which do not exceed $2,500.00 in any single count; it is brought by individual consumer for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION

2. Jurisdiction of this Court arises under Florida Statute §48.193 and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA").

3. This action arises out of Defendant's violations of the FDCPA, and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this County because the acts and transactions occurred in Florida where the Plaintiff resides and Defendant transacts business here.

## PARTIES

5. Plaintiff, KIMBERLY WINK, is a natural person who resides in the State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, a collection agency, operating from an address of 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108. Defendant has a registered agent in the State of Florida designated to receive service of process named Corporation Service Company, whose address is 1201 Hays Street, Tallahassee, FL 32301, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant is also registered with the state of Florida as a "debt collector."

7. Defendant, MIDLAND CREDIT MANAGEMENT, INC., regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant, MIDLAND CREDIT MANAGEMENT, INC., regularly collects or attempts to collect debts for other parties.

9. Defendant, MIDLAND CREDIT MANAGEMENT, INC., is a "debt collector" as defined in the FDCPA.

10. Defendant, MIDLAND CREDIT MANAGEMENT, INC., was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Defendant, MIDLAND CREDIT MANAGEMENT, INC., is a corporation licensed to do business in the State of Florida as a registered debt collector.

12. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). Upon information and belief, Defendant is attempting to collect on a consumer debt from Plaintiff, who used the credit at issue for personal purchases such as food, clothing, gasoline, travel, etc.

13. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

14. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

15. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> *There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.*
>
> *(b) Inadequacy of laws*
> *Existing laws and procedures for redressing these injuries are inadequate to protect consumers.*

16. On May 14, 2015, Defendant filed a complaint against Plaintiff regarding the alleged debt, styled "MIDLAND FUNDING LLC v. KIMBERLY WINK" Case No. 2015-SC-000669 in Martin County Court.

17. On June 22, 2015, Defendant executed a Settlement Stipulation with Plaintiff regarding the alleged debt.

18. On June 22, 2015, Defendant filed a Notice of Voluntary Dismissal with Prejudice wherein Defendant notified the Plaintiff that the Defendant dismissed this action with prejudice.

19. A true copy of Defendant's Notice of Voluntary Dismissal with Prejudice is attached hereto as Exhibit "A".

20. On November 2, 2015 and November 11, 2015, Plaintiff acquired a copy of her credit reports from Equifax and Transunion which list the alleged debt as open with a balance due.

21. A true copy of the excerpts from Plaintiff's credit reports are attached hereto as Exhibit "B"

## COUNT I

### FALSE REPRESENTATION OF CHARACTER, AMOUNT OR STATUS OF DEBT IN VIOLATION OF 15 U.S.C. § 1692k(a)(2)

22. Plaintiff incorporates Paragraphs 1 through 21.

23. 15 U.S.C. §1692e(8) prohibits a debt collector such as MIDLAND CREDIT MANAGEMENT, INC from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including failure to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8).

24. Defendant violated the prohibitions set forth in 15 U.S.C. §1692e(8) by communicating information regarding the debt alleged owed by Plaintiff to a third part reporting agencies, Equifax and Transunion. The debt is listed as open, active, pass due, and not resolved nor closed. Since the Defendant previously dismissed the state court case with prejudice, which is an adjudication on the merits in the Plaintiff's favor, it rendered the debt null, void and resolved and as a matter of Florida law. The Defendant's rights to collect this debt are

consequently gone, as well as the underlying debt. Thus, Defendant's failure to accurately list the debt is false under 15 U.S.C. §1692e(8), when they failed to communicate accurate information to a third party (in this case the previously mentioned 2 CRA's) about the legal status of the debt.

25. On or about May 14, 2015, Defendant filed a complaint against Plaintiff to collect the alleged debt in a Florida State action identified as "MIDLAND FUNDING LLC v. KIMBERLY WINK" Case No. 2015-SC-000669 in Martin County Court.

26. On June 22, 2015, Defendant executed a Settlement Stipulation with Plaintiff regarding the alleged debt and Defendant filed a Notice of Voluntary Dismissal with Prejudice wherein Defendant notified the Plaintiff that the Defendant dismissed this action with prejudice. (See Exhibit "A")

27. On or about February 2014, Defendant began reporting the alleged debt to the credit reporting agencies, Equifax and Transunion in an attempt to collect the alleged debt from Plaintiff. (See Exhibit "B")

28. On or about November 2015, Plaintiff acquired a copy of her credit reports from Equifax and Transunion which list the alleged debt as open with a balance due.

29. Defendant is the current owner of the assumed debt.

30. 15 U.S.C. §1692k authorizes an award of damages from any debt collector who fails to comply with any provisions of 15 U.S.C. §1692 equal to any actual damages caused as well as damages up to $1,000.00 plus reasonable attorney's fees and costs.

31. Defendant's false representations to Transunion and Equifax have adversely affected Plaintiff's credit rating for purposes of obtaining credit, insurance and/or employment.

32.   Plaintiff has retained the undersigned attorney and is responsible for attorney's fees and costs of this action.

33.   As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to emotional distress, and is thus entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of the instant suit; and

   c. Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

Dated:  November 18, 2015

Respectfully submitted,

_____
Michael Tierney, P.A.
Michael Tierney, Esquire
Florida Bar No.: 693475
918 Beard Avenue
Winter Park, Florida 32789-1806
Tel: (407) 740-0074
Attorney for Plaintiff